1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joel B. Weinrich,<br><br>                    Plaintiff,<br>v.<br><br>U.S. Military, et al.,<br><br>                    Defendants. | Case No. 13cv204 AJB (WMc)<br><br>Order Denying Motion to Proceed<br>In Forma Pauperis, Dismissing<br>Complaint for Failure to State a<br>Claim, and Denying Motion for<br>Appointment of Counsel<br><br>[Doc. Nos. 1, 2, 3] |

   On January 25, 2013, the Plaintiff, Joel B. Weinrich, a non-prisoner proceeding *pro se*, commenced this action against the United States Military, the United States Congress, the Central Intelligence Agency, Sarah Palin, Duncan Hunter and other unknown defendants. The Plaintiff moves to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) and argues that an appointment of counsel is required pursuant to 28 U.S.C. § 1915(e)(1). For the following reasons, the Court **DENIES** Plaintiff's motion to proceed IFP and sua sponte **DISMISSES** Plaintiff's Complaint for failure to state a claim. Additionally, due to the dismissal for failure to state a claim, the Court **DENIES**, as premature, Plaintiff's motion to appoint counsel.

///

///

## I. Motion to Proceed In Forma Pauperis

The Plaintiff moves to proceed IFP under 28 U.S.C. § 1915(a). Section 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee. Such affidavit must include a complete statement of the plaintiff's assets. However, an IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from liability for such damages. 28 U.S.C. § 1915(e)(2). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to § 1915(e)(2). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

"To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

The Plaintiff submitted an affidavit in support of the IFP motion indicating that he is unemployed, has a checking account with a balance of $180.00 dollars, owns a 1998 Toyota Tacoma and a home valued at $190,000. The affidavit, however, is otherwise incomplete as many of the remaining sections are missing required information. Furthermore, the Court finds that the motion and declaration submitted by Plaintiff in support of his request to proceed IFP do not represent a full and accurate summary of his financial condition because the IFP affidavit and the affidavit submitted in conjunction with the Plaintiff's request for appointment of counsel are inconsistent and contain numerous discrepancies. Because Plaintiff's affidavit is incomplete and inconsistent, the affidavit

does not support the Plaintiff's contention that he is unable to pay the costs of this litigation without foregoing the necessities of life. 28 U.S.C. § 1915(a)(1); *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (when a claim of poverty is made under § 1915, it is essential for the application to state the facts as to poverty with some particularity, definiteness and certainty). For these reasons, the Court concludes that Plaintiff has not satisfied the indigency requirements of 28 U.S.C. § 1915(a)(1). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to proceed in forma pauperis.

## II.   *Sua Sponte Dismissal for Failure to State a Claim*

The Plaintiff's Complaint does not state a specific claim on which relief may be granted. A court may dismiss the case at any time if it determines the plaintiff failed to state a claim on which relief may be granted pursuant to § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Id*. A court will deny any motion that fails to present a legal and factual basis. *Id*. Here, Plaintiff's Complaint arrives at vague conclusions without alleging specific constitutional or civil rights violations. His pleading fails to state facts against each defendant who allegedly violated his rights. As a result, Plaintiff has not presented a sufficient basis for a cognizable claim on which relief may be granted. Pursuant to § 1915(e)(2), the Court **DISMISSES** the Complaint **WITHOUT PREJUDICE** for failure to state a claim.

## III.   *Motion for Appointment of Counsel*

In his motion to appoint counsel, Plaintiff argues that an appointment of counsel is required in this case based upon his indigent status and complications with witnesses. "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States*

*v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).  Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

      Here, the Court cannot appoint counsel when Plaintiff has not yet stated a cognizable claim. Having dismissed the Complaint, the Court concludes that this motion is premature and therefore, there is no basis for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) at this time.  Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

      IT IS SO ORDERED.

DATED: April 4, 2013

                                        Hon. Anthony J. Battaglia
                                        U.S. District Judge