UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL B. WEINRICH,, <br><br>　　　　　　　Plaintiff, <br>v. <br><br>U.S. MILITARY, et al., <br><br>　　　　　　　Defendants. | Case No.13cv204 AJB (WMC) <br><br> ORDER DENYING RECONSIDERATION |

　　This matter comes before the Court on Plaintiff Joel B. Weinrich's Motion to Reconsider.[1] On April 4, 2013, this Court issued an Order sua sponte dismissing Plaintiff's Complaint for failure to state a claim for which relief may be granted. The Court determined that the Complaint lacked a legal and factual basis. Plaintiff's Complaint was brought against the United States Military, C.I.A., U.S. Congress, and other individuals. The Complaint arrived at vague conclusions without alleging a specific

---

[1] Plaintiff filed a document with the caption "COMPLAINT." However, the sole allegation states, "due to no respon[s]e I request a reopening." The Court thus construes Plaintiff's request as a motion to reconsider the Court's April 4, 2013 Order denying without prejudice Plaintiff's motion for leave to proceed in forma pauperis, denying without prejudice motion to appoint counsel, and dismissing Plaintiff's Complaint for failure to state a claim. (Doc. No. 8.)

The document will be filed nunc pro tunc along with this Order.

constitutional or civil rights violations. (Doc. No. 1.) The entirety of the Complaint was made up of unintelligible factual allegations. Accordingly, the Court dismissed the Complaint without prejudice pursuant to § 1915(e)(5). The case was then terminated. Since then, Plaintiff has repeatedly attempted to file documents under the terminated case number. Plaintiff's latest filing, received by the Court on April 9, 2014, requests a reopening of the case. The Court construes the document as a motion for reconsideration.

I.  DISCUSSION

    A.  Legal Standard

Where the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based upon Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment) of the Federal Rules of Civil Procedure. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993). Absent "highly unusual circumstances," reconsideration of a final judgment or order is appropriate only where (1) the Court is presented with newly-discovered evidence, (2) the Court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law. *Id.* at 1263. A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). It cannot be used to ask a court to rethink what it has already thought, merely because a party disagrees with the court's decision. *Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Az. 2003) (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Az. 1998).

    B.  Analysis

Plaintiff's motion fails to establish any of the three prongs that would entitle him to reconsideration. Plaintiff requests the Court to appoint an agent from the Federal Bureau of Investigation ("FBI") to investigate his claims. The Court's power does not extend so far. Even under the most liberal of readings and taking all factual allegations as true, the instant motion fails to provide any additional facts to the original Complaint

that would allow this Court to find that Plaintiff has stated a claim for which relief may be granted.

### III. CONCLUSION

Accordingly, Plaintiff's motion for reconsideration is DENIED. The Court's previous order dismissing Plaintiff's Complaint without prejudice still stands. The case remains closed.

IT IS SO ORDERED.

DATED: April 11, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge